MILO M. SNYDER, Appellant, v. FEDERAL LAND BANK of Omaha, Appellee.

No. 44536.

FEBRUARY 14, 1939.

Burton Russell and Hobart E. Newton, for appellant.

John G. Regan, J. C. Pryor, Franklin L. Pierce, and Don C. Young, for appellee.

SAGER, J.—The briefs of the parties invite us to examine numerous propositions of law, and citations in support thereof. These have been examined, but for reasons which will presently appear, we do not find it necessary to discuss them. Briefly appellant contends that he should have relief because, as he alleges, he employed an attorney solely to procure an extension

of time under the moratorium statute, and that said attorney acted in fraudulent concert with defendant's counsel in consenting to, and approving of, the decree which was entered. This is amplified by the claim that the copy of the original notice served on him was illegible, and that having employed an attorney, he supposed he was under a moratorium. He further asserts that his attorney exceeded his authority, and that he, plaintiff, did not discover the situation until the year, in which he might have made application for new trial, had elapsed; that there was a substantial margin between the value of the land and the price it brought at sheriff's sale. He appeals to the broad powers of equity to afford him relief, and cites many cases. We do not stop to analyze them because they have no application here. Appellant says that the ''matter at issue is whether the appellant shall have the speculative value in his home or whether it shall go to the Federal Land Bank of Omaha * * * .''

A transcript of the record is before us, and to the end that we have an accurate view of the case as it was tried below, we have examined that as well as the printed record. Such examination leaves no doubt in the mind of the court of the correctness of the ruling below. Appellant's claims of lack of understanding as to what was going on; that his attorney acted in collaboration with opposing counsel against plaintiff; or that he had no fair representation or protection in the trial court, find no support in the record. Every step of the proceedings, from service of the original notice, the appearance of counsel, and the entry of decree, was regular, as were all of the proceedings leading up to the sheriff's sale, and the execution and delivery of the sheriff's deed. But appellant says his attorney approved the decree, this in excess of his authority. This charge is not warranted, and appellant's claim to the effect that he did not know what was going on, may be sustained only at the expense of his intelligence.

There is indeed a conflict between appellant and the attorney then acting for him. Conceding that the attorney was not authorized to let the case go to a decree, plaintiff was nevertheless advised of the judgment, and had discussions thereafter with his attorney about the desired moratorium. He was personally served with notice of sheriff's sale and with notice by the sheriff to plat his homestead. He discharged the attorney

first employed by him, within the redemption period, and engaged another. The record discloses nothing out of the ordinary in the dealings between appellant and his counsel. The attorney seems to have made every effort to further the interest of appellant. The only complaint that may be leveled at him on this record is that he could not do the impossible. The trial court in its decree stated: "That nowhere in the record do I find even a suspicion of wrongdoing on the part of counsel." We are of the same mind as to that, as well as to the finding that plaintiff's petition should be dismissed.

Yet appellant says that he should be allowed to come into equity, months after the year provided by statute had elapsed, on the plea that he didn't know what was going on, and that his counsel did not get what he was employed to secure. It should be noted that the record discloses that the counsel later employed, at least did no better. If, on such a record, a decree may be set aside, a judgment or decree is of less force than a promissory note.

The record abundantly establishes that the court had jurisdiction of the defendant by service of a proper original notice; its decree was entered, after appearance by counsel who took time to plead; and the proceedings thereafter were regular in all respects. If appellant believed that his attorney was not acting in good faith, he was advised in plenty of time to have protected whatever interest he thought he had.

It follows that the decree of the trial court should be, and it is, affirmed.—Affirmed.

MITCHELL, C. J., and OLIVER, MILLER, HALE, HAMILTON, RICHARDS, and BLISS, JJ., concur.